OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, Alice G. Gregory, appeals from the judgment of the Trumbull County Court of Common Pleas denying her motion for relief from judgment.[1]
 {¶ 2} On January 25, 2001, appellant filed a civil complaint with the Trumbull County Court of Common Pleas. Appellees, Dr. Amin Abdul-Aal ("Dr. Abdul-Aal") and St. Joseph Health Center ("St. Joseph"), were named as defendants. The complaint alleged that appellees had provided negligent medical care during and subsequent to a surgical procedure that appellant had undergone at St. Joseph's. Appellant sought compensatory damages in excess of $25,000.
 {¶ 3} After appellees filed their answers, Dr. Abdul-Aal filed a motion for summary judgment on April 18, 2002. The court notified the parties that responses to Dr. Abdul-Aal's motion for summary judgment were due on June 10, 2002, and a summary judgment hearing was scheduled for June 21, 2002.
 {¶ 4} Subsequently, on May 29, 1992, appellant obtained new counsel to represent her in this matter. On June 11, 2002, appellant's new counsel filed a motion for continuance of the summary judgment hearing. Appellant requested a ninety-day continuance to enable new counsel to conduct further discovery. The trial court issued a judgment entry granting appellant a continuance and rescheduled the hearing for October 18, 2002.
 {¶ 5} All parties proceeded with discovery, and on June 18, 2002, St. Joseph filed its own motion for summary judgment. The trial court notified all parties that any response to the motion for summary judgment was due on October 11, 2002, and reiterated that a hearing would be held on October 18, 2002.
 {¶ 6} On July 2, 2002, appellant filed a second motion for continuance with respect to the scheduled hearing date of October 18, 2002. Appellant again requested a continuance until discovery could be completed. Specifically, appellant stated, "[p]laintiffs and defense counsel are in the process of scheduling Dr. Abdul-Aal's deposition. Following the deposition, Plaintiff's counsel will be in a position to determine whether the hospital was negligent in its credentialing and permitting the Defendant to perform certain types of surgery." The trial court never ruled on appellant's motion for continuance and proceeded according to the previously scheduled date of October 18, 2002.
 {¶ 7} On October 25, 2002, the trial court issued two separate, nearly identical, judgment entries which granted appellees' motions for summary judgment. In both judgment entries, the trial court explained that "[n]o response was received from the Plaintiffs[,]" and after examining the evidence summary judgment was appropriate as there was no genuine issue of material fact and reasonable minds could come to but one conclusion and that conclusion was adverse to appellant.
 {¶ 8} Following the issuance of the trial court's judgment entries, on November 6, 2002, appellant filed a motion for reconsideration or for relief under Civ.R. 60(B)(1) and 60(B)(5). Appellant argued that her failure to respond to appellees' motions for summary judgment was the result of obtaining new counsel and the inability to complete necessary discovery in a timely fashion. Furthermore, appellant explained, "[b]ecause of the ongoing discovery and discussions with defense counsel, Plaintiffs neglected to request an extension of time to oppose the Motions." Thus, appellant concluded that the trial court's judgment entries granting summary judgment should have been vacated and an extension of time should have been provided so appellant could file a response to both motions for summary judgment. Appellant did not supply any evidentiary material in support of her contentions.
 {¶ 9} On November 26, 2002, the trial court issued an amended judgment entry denying appellant's motion for relief from judgment. From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignment of error for our consideration:
 {¶ 10} "The Trial Court erred in ruling on the Motions for Summary Judgment without ruling on a pending Motion of Continuance until discovery was complete and in denying the 60(B)(1) motion requesting relief from those decisions."
 {¶ 11} At the outset, we note that the scope of our review is limited solely to appellant's contentions regarding the trial court's denial of her motion for relief from judgment. It is well-established by Ohio law that "`[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment.'" State ex rel. Richard v. CuyahogaCty. Commrs., 89 Ohio St.3d 205, 206, 2000-Ohio-135, quotingKey v. Mitchell (1998), 81 Ohio St.3d 89, 90-91.
 {¶ 12} Here, as to the trial court's judgment entries granting appellees' motions for summary judgment, appellant's notice of appeal was filed beyond the thirty-day time limit as required by App.R. 4(A). Therefore, this court is without jurisdiction to examine any alleged error regarding the trial court's grant of summary judgment. See, e.g., Kaplysh v.Takieddine (1988), 35 Ohio St.3d 170, 175.
 {¶ 13} That being said, when examining a motion for relief from judgment, the applicable standard of review is abuse of discretion. Strack v. Pelton, 70 Ohio St.3d 172, 174,1994-Ohio-107. Accordingly, absent an abuse of discretion an appellate court will not overturn a trial court's judgment on a motion for relief from judgment. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} With the appropriate standard of review in place, we will now turn our attention to the merits of appellant's assignment of error. Under her sole assignment of error, appellant argues that the trial court abused its discretion by denying her motion for relief from judgment under Civ.R. 60(B)(1). Appellant contends that all three prongs of the test used to determine whether a party is entitled to relief from judgment have been satisfied. Specifically, appellant's appellate brief explains that her failure to respond to appellees' motion for summary judgment was excusable neglect because the trial court failed to rule upon her request for a continuance of time and because a new staff member of appellant's counsel misfiled the response date.
 {¶ 15} Appellant's brief also maintains that she had a meritorious claim to present had relief been granted. As evidence of her meritorious claim, appellant points to various deposition testimonies and affidavits that were allegedly unobtainable prior to the scheduled response date. As a result, appellant concludes that she was "precluded from gathering the final critical information needed to prove [her] meritorious claim."
 {¶ 16} Finally, appellant submits that the trial court erred by denying her the opportunity to present evidence pertinent to her motion for relief from judgment at an evidentiary hearing. Therefore, appellant contends that she was entitled to relief from judgment.
 {¶ 17} Under Civ.R. 60(B), a party may seek post-judgment relief for the reasons listed in the rule. In relevant part, Civ.R. 60(B)(1) states:
 {¶ 18} "(B) * * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 {¶ 19} "(1) mistake, inadvertence, surprise or excusable neglect;
 {¶ 20} "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 21} To prevail upon a motion for relief from judgment, the moving party must satisfy the following three-pronged GTE test: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3) not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Relief under Civ.R. 60(B) is improper if the moving party does not satisfy all off the above requirements.[2] LaRosa v. LaRosa, 11th Dist. No. 2001-G-2339, 2002-Ohio-1170, 2002 Ohio App. LEXIS 1199, at 9, citing Strack at 174.
 {¶ 22} "Although a movant is not required to support its motion with evidentiary materials, the movant must do more than make bare allegations that he or she is entitled to relief." Kayv. Glassman, 76 Ohio St.3d 18, 20, 1996-Ohio-430. To successfully establish a claim under Civ.R. 60(B), the movant must present "operative facts" which would warrant relief from judgment. Operative facts are facts that tend to show the existence of a meritorious defense or claim. Concord Twp.Trustees v. Hazelwood Builders, Inc. (July 21, 2000) 11th Dist. No. 98-L-249, 2000 Ohio App. LEXIS 3292, at 16. Thus, appellant's burden of proof requires that she substantiate the claims and allegations set forth in her motion for relief from judgment through operative facts. See, e.g., Lundstrom v. Lundstrom,
11th Dist. No. 2001-G-2381, 2002-Ohio-7127, 2002 Ohio App. LEXIS 6957, at ¶ 30.
 {¶ 23} In the instant case, the second prong requires appellant to demonstrate excusable neglect via the assertion of operative facts beyond mere allegations within a Civ.R. 60(B) motion. Appellant, in her motion for relief from judgment,
explained that she was entitled to relief due to the unavailability of various discovery materials. Moreover, appellant's motion for relief from judgment stated that she neglected to request an extension of time to oppose the motions for summary judgment because of "ongoing discovery and discussions with defense counsel."
 {¶ 24} "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply." Kay at 20. Ultimately, excusable neglect has been defined in the negative. Thus, a party's actions do not constitute excusable neglect, for purposes of a motion for relief from judgment, if such actions can be labeled a "`complete disregard for the judicial system.'" Id., quoting GTE at 153.
 {¶ 25} Despite appellant's allegations in her motion for relief, she failed to present the trial court with any operative facts that would substantiate these claims. Standing alone, appellant's bare allegations did not satisfy her burden of proving that she was entitled to relief from judgment. The expanded facts alleged in her appellate brief do not relate back. Thus, the second-prong of the GTE test has not been satisfied.
{¶ 26} Furthermore, the allegations made in appellant's motion for relief stated that she was unable to obtain evidence to rebut appellees' respective summary judgments based upon the time constraints of discovery and the acquisition of new counsel. However, the record demonstrates that appellant acquired new counsel on May 29, 2002. Based upon this acquisition, the trial court appropriately granted appellant a continuance until October 18, 2002, to collect discovery and respond to appellees' summary judgments. Without a more specific explanation, we will not consider appellant's acquisition of new counsel and the time constraints of discovery as a basis of operative facts for excusable neglect.
{¶ 27} Appellant's motion for relief also argued that her failure to respond was due to neglect in filing a motion for extension of time as appellant's counsel was preoccupied by discussions with appellees' counsel and ongoing discovery. Again, appellant's allegations in no way demonstrate excusable neglect. Discovery and discussions with opposing counsel are a necessary part of almost any civil proceeding and, therefore, without additional information, will not be considered a basis for excusable neglect in failing to file a necessary motion. See, e.g., Bowen v. Pecarius Enterprises, First Natl. Supermarkets,Inc. (Feb. 16, 1990), 11th Dist. No. 88-L-13-206, 1990 Ohio App. LEXIS 535, at 7 (holding that a party's inability to respond to a motion for summary judgment because discovery had not been completed did not constitute excusable neglect). See, also,Paynter v. Paytner, 5th Dist. No. CT2003-0024, 2003-Ohio-7101.
{¶ 28} Thus, notwithstanding her failure to substantiate her claims with operative facts, the claims themselves fail to demonstrate excusable neglect or any other basis for relief under Civ.R. 60(B).
 {¶ 29} Further, on appeal, appellant submits additional arguments, beyond those presented in her motion for relief. In her appellate brief, appellant argues that her failure to respond resulted from a misfiling of the response date by a new member of counsel's administrative staff, and because appellant was unaware that her motion for continuance had not been granted.
 {¶ 30} It is important to note that appellant failed to present these contentions before the trial court. That being the case, "`it is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal.'" Hood v. Rose, 153 Ohio App.3d 199,2003-Ohio-3268, at ¶ 8, quoting Mark v. Mallot Mfg. Co., Inc.
(1995), 106 Ohio App.3d 571, 589. In the case at bar, appellant's motion for relief from judgment makes no mention of a misfiling or that she was unaware that the motion for continuance had not been granted. Because appellant failed to raise these contentions with the trial court, we are precluded from determining that the trial court abused its discretion based on these grounds.
 {¶ 31} In addition to appellant's failure to establish the second-prong, we also find that appellant has failed to demonstrate that the first-prong of the GTE test was satisfied. Although appellant's motion for relief from judgment asserted that she was unable to obtain certain discovery materials prior to the response date, such bare allegations again fail to present any operative facts. Without more, the trial court was unable to determine whether the unavailable material would allow appellant to present evidence that could confirm a meritorious claim. Appellant's contentions simply failed to demonstrate a meritorious claim. As a result, the first-prong of the GTE test has also not been satisfied.
 {¶ 32} Appellant further argues that the trial court abused its discretion by failing to conduct an evidentiary hearing prior to its denial of her motion for relief from judgment. According to appellant, had the trial court held a hearing, she would have presented evidence to satisfy the second-prong of the GTE test.
 {¶ 33} In Kay, the Supreme Court of Ohio held that "the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Id. at 19. The foregoing analysis has demonstrated that appellant failed to sufficiently allege any grounds for relief from judgment. In addition, appellant failed to supply or point to any operative facts that would support her allegations that she was entitled to relief from judgment.
 {¶ 34} In her appellate brief, appellant lists the various deposition materials that she was unable to obtain. This evidence, however, was not before the trial court and also does not demonstrate that appellant's failure to respond in a timely fashion was grounds for relief under Civ.R. 60(B)(1) through (5). Moreover, the failure of appellant to allege operative facts as to why this material was unavailable or relevant prohibited her from establishing a meritorious claim. Therefore, the trial court did not abuse its discretion by not conducting an evidentiary hearing prior to denying appellant's motion for relief from judgment.
 {¶ 35} Based upon the foregoing analysis, appellant established only one of the three required prongs of the GTE
test. As a result, the trial court did not abuse its discretion by denying appellant's motion for relief without holding an evidentiary hearing. Appellant's assignment of error is without merit. We hereby affirm the trial court's judgment entry denying appellant's motion for relief from judgment.
Judgment affirmed.
Grendell and Rice, JJ., concur.
[1] Kevin M. Gregory is also listed as an appellant; however, for the sake of clarity we will only be referring to Mrs. Gregory as appellant.
[2] With respect to the third-prong, the parties on appeal concede that appellant filed her motion for relief from judgment within a reasonable time and not more than one year after judgment. Appellant's motion for relief from judgment was filed within two weeks of the trial court's October 25, 2002 judgment entry. As a result, we also find that appellant satisfied the third-prong, and will focus our analysis solely upon the first and second prongs.