{¶ 28} I respectfully dissent with the conclusions reached by the majority. I feel the trial court utilized an incorrect analysis and abused its discretion when denying appellants' Civ.R. 60(B) motion.
 {¶ 29} The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied "to effect just results." Pleadings are simply amended to that objective. Peterson v. Teodosio (1973),34 Ohio St.2d 161.
 {¶ 30} Furthermore, the majority's reliance on the proposition that the Suttons did not put forth a meritorious claim is misplaced. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" Gregory v.Abdul-Aal, 11th Dist. No. 2002-T-0176, 2004-Ohio-1703, AT ¶ 21, quotingGTE Automatic Electric v. ARC Industries, (1976), 47 Ohio St.2d at 153.
 {¶ 31} The Suttons, to be successful under the majority's analysis, would need to file a meritorious motion in opposition to appellee's motion for summary judgment. I assert that the real meritorious claim is jurisdictional; the Suttons upon realizing they could not properly defend a motion for summary judgment attempted to deny the court its ability to decide the summary judgment motion by dismissing their claim pursuant to Civ.R. 41(A). The analysis should then focus not upon the success of the disputed summary judgment motion, but the meritorious claim in preventing the court from exercising its jurisdiction to grant summary judgment by dismissing the case pursuant to Civ.R. 41(A). The argument of a meritorious claim should go to the court's ability to decide the case in the event of timely filed voluntary dismissal by the Suttons.
 {¶ 32} In essence, if the voluntary dismissal would have been filed personally at the clerk's office prior to summary judgment being granted, the court would have lacked the jurisdiction and ability to rule on the appellee's motion for summary judgment, thereby proving a meritorious claim against such judgment. In the event of a properly filed Civ.R. 41(A) dismissal, the court would then lack both subject matter and personal jurisdiction as there would be no pending case.
 {¶ 33} I assert that the Suttons satisfied the first prong of the definition of a meritorious defense as outlined and required in GTE Automatic Electric.
 {¶ 34} The second prong of the GTE test requires the Suttons to demonstrate that they are entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5).
 {¶ 35} I believe the Suttons were entitled to relief from judgment under the "excusable neglect" provision of Civ.R. 60(B)(1) and also under the catchall provision of Civ.R. 60(B)(5). "The term `excusable neglect' is an elusive concept which has been difficult to define and apply." Kayv. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 21. Instead, the Supreme Court of Ohio has defined "excusable neglect" in the negative and has stated that inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." GTEAutomatic Electric at 15. The Suttons' attorney, in attempting to voluntarily dismiss the plaintiff's complaint without prejudice pursuant to Civ.R. 41(A), filed a notice of dismissal via mail, with no intent to ever respond to the defendant's motion for summary judgment. In the interim, the motion for summary judgment was granted by the trial court. The Suttons' attorney by mailing the 41(A) dismissal instead of filing it personally, did not demonstrate "a complete disregard for the judicial system" and as such, committed excusable neglect.
 {¶ 36} I would respectfully disagree with this court's reliance onPearce v. Church Mut. Ins. Co., 9th Dist. No. 02CA0101-M, 2003-Ohio-3174, for the reasons enumerated above. For the foregoing reasons, I respectfully dissent from the majority's opinion.