OPINION
{¶ 1} Plaintiff-appellant, Architectural Interior Products, Inc. ("AIP"), appeals from the judgment of the Franklin County Court of Common Pleas denying its motion to vacate the trial court's entry of December 20, 2002. For the reasons that follow, we affirm.
 {¶ 2} On September 6, 2001, AIP filed a complaint against Freeman Doors, LLC ("Freeman") and Ronald Freeman seeking $87,121 plus attorney fees for materials furnished by AIP to Freeman, for a construction project at The Ohio State University. Freeman did work on the project as the subcontractor of P.J. Dick, the general contractor. AIP tried to recover the money from Freeman but Freeman could not pay AIP until P.J. Dick paid Freeman. Mr. Freeman was served with process on September 24, 2001. No answer was filed within the requisite time period. AIP eventually sought a default judgment. The court granted the judgment in the amount of $89,468.91 plus $1,000 in attorney fees. Freeman filed a Civ.R. 60(B) motion to vacate the default judgment maintaining that he was not personally liable for the debt owing to AIP. The magistrate held a hearing and granted Freeman's motion. The trial court entered an order adopting the magistrate's decision. However, AIP was not served with the magistrate's decision prior to the trial court's order.
 {¶ 3} AIP did not appeal the trial court's decision. Instead, AIP filed a Civ.R. 60(B) motion for relief from the judgment that set aside the default judgment against Freeman. The trial court denied AIP's motion. The court found AIP established excusable neglect under Civ.R. 60(B)(1) in that AIP did not receive a copy of the magistrate's decision. The court also found the motion was timely. However, the court ultimately determined that AIP did not set forth any operative facts demonstrating a meritorious defense or other reason to afford it relief from the court's order. AIP filed the instant appeal.
 {¶ 4} AIP asserts the following two assignments of error:
Assignment of Error No. 1
Trial court abused its discretion in failing to conduct an evidentiary hearing on plaintiff-appellant's motion to vacate the trial court's entry of December 20, 2002, which plaintiff-appellant filed on January 6, 2003.
Assignment of Error No. 2
Plaintiff-appellant was denied due process when it was not timely furnished notice of and/or copy of the decision of magistrate.
 {¶ 5} In the first assignment of error, AIP argues the trial court should have held an evidentiary hearing on its motion for relief from judgment. AIP asserts the failure to receive a copy of the magistrate's decision prevented it from availing itself of the provisions of Civ.R. 53. AIP claims the failure to hold a hearing was an abuse of discretion.
 {¶ 6} A judgment denying a Civ.R. 60(B) motion for relief from judgment is a final appealable order. Boston v.Parks-Boston, Franklin App. No. 02AP-1031, 2003-Ohio-4263. Whether to grant a motion for relief from judgment is within the sound discretion of the trial court. Id. Absent an abuse of discretion, an appellate court will not disturb the trial court's ruling. Id. An abuse of discretion connotes more than just an error in judgment, it is unreasonable, arbitrary or unconscionable conduct. Id.
 {¶ 7} When a motion for relief from judgment alleges operative facts that would justify relief, if true, the trial court must hold an evidentiary hearing. Id. Conversely, an evidentiary hearing is not required where the motion and any attachments lack allegations of operative facts justifying relief from judgment. Id.; Korn v. Korn (Dec. 9, 1997), Franklin App. No. 97APF07-880. To warrant an evidentiary hearing on a Civ.R. 60(B) motion, "appellant's motion must allege operative facts that, if true, establish: (1) that the appellant has a meritorious defense or claim, (2) that appellant is entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5), and (3) that the motion was timely filed." Korn, supra. Under Civ.R. 60(B)(1), a party may be relieved from judgment due to mistake, inadvertence, surprise or excusable neglect. Under Civ.R. 60(B)(5), a party may be relieved from judgment for any other reason justifying relief from the judgment.
 {¶ 8} In this case, the trial court did not hold an evidentiary hearing. The court found that the only facts AIP alleged in its motion dealt with the failure to notify AIP of the magistrate's decision. The trial court noted this failure and accepted it as true. In fact, the trial court found that this was excusable neglect under Civ.R. 60(B)(1). The trial court also found the motion to be timely. However, AIP's motion did not allege operative facts to establish a meritorious defense or claim AIP would present if relief was granted. We find the trial court did not abuse its discretion in not holding an evidentiary hearing on AIP's motion. Neither the motion nor the affidavit stated any grounds for objection to the magistrate's decision. Therefore, the above three-part test was not met.Korn, supra. The motion for relief from judgment did not allege operative facts establishing a meritorious defense or claim
that AIP could present if relief from judgment was granted. Accordingly, AIP's first assignment of error is overruled.
 {¶ 9} In the second assignment of error, AIP argues it was denied due process because it did not receive notice of the magistrate's decision and was prevented from filing objections to the magistrate's decision. AIP made this argument to the trial court in support of its Civ.R. 60(B) motion. The trial court considered this argument and found it was insufficient to entitle AIP to relief under Civ.R. 60(B). A party may not raise issues that could have been raised on appeal; and errors that could have been corrected by a timely appeal cannot be the predicate for Civ.R. 60(B) relief from judgment. Hackman v. Maney, Franklin App. No. 02AP-405, 2002-Ohio-5971. A motion under Civ.R. 60(B) is not to be used as a substitute for appeal. Id., citing Blasco v.Mislik (1982), 69 Ohio St.2d 684, 686. Further, whether to grant a motion for relief from judgment is within the sound discretion of the trial court. Boston, supra.
 {¶ 10} Since a Civ.R. 60(B) motion cannot be used as a substitute for appeal, AIP was obliged to set forth grounds for relief pursuant to Civ.R. 60(B). While the trial court accepted AIP's motion as demonstrating excusable neglect under Civ.R. 60(B)(1), the motion in the trial court and the motion on appeal fail to note any operative facts demonstrating objections to the magistrate's decision entitling him to relief. In the end, AIP's argument regarding due process is not appropriate under a Civ.R. 60(B) motion. Rather, AIP should have filed a direct appeal from the trial court's adoption of the magistrate's decision. AIP failed to do so. Therefore, because Civ.R. 60(B) may not be used as a substitute for appeal, and because AIP failed to demonstrate that it was entitled to relief under Civ.R. 60(B), the trial court did not abuse its discretion in denying AIP's motion.Hackman, supra. Accordingly, we overrule AIP's second assignment of error.
 {¶ 11} For the foregoing reasons, AIP's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
Petree and Sadler, JJ., concur.