**BLAIR, Appellant,**

**v.**

**BOYE–DOE, Appellee, et al.**

[Cite as *Blair v. Boye–Doe*, 157 Ohio App.3d 17, 2004-Ohio-1876.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 03CA008339.

Decided April 14, 2004.

18

John E. Duda, for appellant.

Thomas R. Himmelspach; Ronald Wilt and Beth A. Nagel, for appellee.

WHITMORE, Judge.

{¶ 1} Plaintiff-appellant Brenda Blair has appealed from the judgment of the Lorain County Court of Common Pleas that denied her motion for relief from judgment. This court affirms.

I

{¶ 2} On March 22, 2003, appellant filed a complaint alleging medical malpractice against appellee, a gynecologist licensed in the state of Ohio. The complaint alleged that on March 28, 2002, appellee "negligently performed a complete hysterectomy on [appellant] resulting in [her] injury and damage."

{¶ 3} By journal entry dated August 23, 2002, the trial court stated that appellant's expert opinion report should be submitted to the court on or before October 31, 2002. Appellant failed to file her expert report on or before October 31, 2002, and, as a result, appellee filed a motion for summary judgment on November 12, 2002.[1] By journal entry dated December 11, 2002, the trial court stated that "* * * as [appellant] has failed to provide any expert report[,] this case is dismissed * * *." On December 12, 2002, appellant filed a motion to voluntarily dismiss her case without prejudice.[2] Nearly eight months later, on August 5, 2003, appellant filed a motion for relief from judgment, which the trial court denied on September 4, 2003.

{¶ 4} Appellant has timely appealed the trial court's decision, asserting two assignments of error.

II

Assignment of Error Number One

"The trial court abused its discretion under the doctrine of *Kay v. Glassman, Inc.* (1996), 76 Ohio St.3d 18 [665 N.E.2d 1102,] by failing to grant appellant's Civ.R. 60(B) motion because (1) appellant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); (2) appellant has a meritorious

---

1. In Ohio, medical malpractice claims, such as the one at bar, require the plaintiff to establish the recognized standards in the medical community by way of expert testimony. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131–132, 75 O.O.2d 184, 346 N.E.2d 673. A plaintiff fails to establish a prima facie case of medical malpractice absent the establishment of such standards. Id. at 131, 75 O.O.2d 184, 346 N.E.2d 673.

2. This court has recently stated that a motion to voluntarily dismiss an action, "which was filed after the trial court granted [the moving party's] motion for summary judgment[,] was of no force and effect." *Pearce v. Church Mut. Ins.*, 9th Dist. No. 02CA0101–M, 2003-Ohio-3147, 2003 WL 21396657, at ¶ 15.

claim to present if relief is granted; and (3) appellant's motion was made within a reasonable time."

{¶ 5} Appellant has argued that the trial court abused its discretion when it denied her request for relief from judgment. Specifically, she has argued that pursuant to the Ohio Supreme Court's decision in *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102, she was entitled to relief from judgment. We disagree.

{¶ 6} Civ.R. 60(B) governs motions for relief from judgment and provides:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 7} Pursuant to Civ.R.60(B), a movant must prove three factors in order to obtain relief from judgment: (1) a meritorious defense if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1) through (5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the judgment entry if the movant alleges entitlement to relief under Civ.R. 60(B)(1) through (3). *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 150–151, 1 O.O.3d 86, 351 N.E.2d 113.

{¶ 8} The standard used to evaluate the trial court's decision to deny a Civ.R. 60(B) motion is an abuse of discretion. *State ex rel. Russo v. Deters* (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion. *Mitchell v. Mill Creek Sparkle Market, Inc.* (June 29, 1999), 7th Dist. No. 97 CA 230, 1999 WL 476039 at * 2, citing *Russo,* 80 Ohio St.3d at 154, 684 N.E.2d 1237. If, however, the materials submitted by the parties clearly establishes that the movant is entitled to relief, then the motion should be granted. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 104, 68 O.O.2d 251, 316 N.E.2d 469 ("If the material submitted by the parties in support

of and in opposition to the motion clearly establishes that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of [Civ.R. 60(B)(1) through (5) ], and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion."). (Emphasis omitted.)

{¶ 9} Appellant has argued that she was entitled to relief from judgment as a matter of law because grounds for relief appear on the face of the record. In support of her argument, appellant has argued that (1) her attorney's failure to reply to appellee's motion for summary judgment was excusable neglect; (2) she has a meritorious claim to present if relief were to be granted; and (3) her motion for relief from judgment was made in a reasonable time. Appellee has argued that (1) the conduct of appellant's attorney did not constitute excusable neglect; (2) appellant does not have a meritorious claim to present if relief were granted; and (3) appellant's request for relief from judgment was not filed within a reasonable time because appellant filed her request nearly eight months after relief was granted.

{¶ 10} We first turn to appellant's argument that her attorney's failure to respond to appellee's motion for summary judgment constituted excusable neglect. The term "excusable neglect" is an elusive concept and has been difficult to define. *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102. Consequently, there is no clear and established standard as to what constitutes "excusable neglect" and, therefore, it is a determination left to the sound discretion of the trial court. *Lewis v. Auto. Techs.*, 2d Dist. No. 19423, 2003-Ohio-1263, 2003 WL 1194067, at ¶ 10. The Ohio Supreme Court, however, has "defined 'excusable neglect' in the negative and ha[s] stated that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102, quoting *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 153, 1 O.O.3d 86, 351 N.E.2d 113. Additionally:

"A trial court does not abuse its discretion in overruling a Civ.R. 60(B)(1) motion for relief from a default judgment on the grounds of excusable neglect, if it is evident from all of the facts and circumstances in the case that the conduct of the defendant, combined with the conduct of those persons whose conduct is imputable to the defendant, exhibited a disregard for the judicial system and the rights of the plaintiff." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus.

{¶ 11} This court has refined the definition of "excusable neglect" to include those situations when extraordinary circumstances are shown to have caused a party's inaction during the course of litigation. *Dooley v. Lorain* (Oct. 25, 2000), 9th Dist. No. 99CA007487, at 5, 2000 WL 1587013.

{¶ 12} In the instant matter, our careful review of the record reveals a timeline of events that speaks directly to appellant's argument that her attorney's conduct constituted "excusable neglect." Appellee filed a motion for summary judgment on November 12, 2002, nearly two weeks after appellant failed to meet the October 31, 2002 discovery deadline set by the trial court. Pursuant to the Local Rules of the Lorain County Court of Common Pleas, appellant's response to appellee's motion was due 14 days after filing, or on November 26, 2002. According to sworn affidavits from Mr. Duda, appellant's attorney, and Ms. Rood, Mr. Duda's paralegal, Ms. Rood was responsible for determining when motions were due to the court on behalf of Mr. Duda's clients. According to Ms. Rood's affidavit, she looked to the Local Rules of the Cuyahoga County Court of Common Pleas rather than the Local Rules of the Lorain County Court of Common Pleas to determine the due date of appellant's motion in response to appellee's motion for summary judgment. Under Cuyahoga County rules, appellant's response would have been due 30 days after appellee filed his motion, or on December 13, 2002. Consequently, Ms. Rood miscalculated the due date of appellant's motion and, as a result, Mr. Duda failed to file a response on behalf of appellant. The trial court subsequently granted appellee's motion for summary judgment.

{¶ 13} Appellant has relied on *Kay* to support her argument that her attorney's failure to respond to appellee's motion for summary judgment constituted excusable neglect, and that she is, therefore, entitled to relief from judgment. We find *Kay* distinguishable from the case at bar.

{¶ 14} In *Kay,* the attorney timely prepared an answer to plaintiff's complaint. However, because his legal secretary inadvertently filed the answer in the case file rather than dispatching it in the mail, the answer was never filed. According to the attorney's sworn affidavit, his office was undergoing an extensive reorganization at the time of the incident, and he simply did not realize that the answer, which he had timely prepared, had not been filed. Once he discovered that an adverse judgment had been entered against his client as a result of his omission, he filed a motion for relief from judgment. In support of his motion for relief from judgment, he attached a copy of the timely prepared answer as well as supporting affidavits explaining the extraordinary circumstances that caused him to not file the answer. The Supreme Court of Ohio found that under these circumstances, the attorney's error constituted excusable neglect. *Kay,* 76 Ohio St.3d at 21, 665 N.E.2d 1102.

{¶ 15} In the case at bar, appellant has failed to meet the standard of excusable neglect for several reasons. First, appellant's attorney failed to file appellant's expert report on or before October 31, 2002, pursuant to the trial court's discovery schedule. As a result, appellant never established her prima facie case

of medical malpractice. Second, once he missed the October 31, 2002 deadline but before summary judgment was granted on December 11, 2002, appellant's attorney never requested an extension of time in which to file appellant's expert report. Pursuant to Civ.R. 6(B), appellant's attorney could have requested and been granted additional time to file appellant's expert report even after the report was past due. Third, appellant's attorney never asserted or produced evidence that he actually prepared a timely response to appellee's motion for summary judgment. Fourth, appellant's attorney never requested additional time in which to conduct discovery in order to properly respond to appellee's motion for summary judgment. See Civ.R. 56(F). Finally, appellant's attorney waited eight months to request relief from judgment. This court takes particular note of the fact that in *Kay*, the attorney "discovered that the answer he had prepared had never been filed with the court and that a default judgment had been awarded to appellees. *That next day*, * * * appellant filed a Civ.R. 60(B) motion for relief from judgment." (Emphasis added.) *Kay*, 76 Ohio St.3d at 18, 665 N.E.2d 1102. Furthermore, in the case at bar, appellant's attorney never offered a reasonable explanation for the lengthy delay between the date judgment was entered and the date relief was requested. See *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.* (1979), 64 Ohio App.2d 285, 289, 18 O.O.3d 319, 413 N.E.2d 850 (holding that a four-month interval between an adverse judgment and a request for relief from judgment is unreasonable absent any evidence explaining the delay).[3]

{¶ 16} Based on the foregoing, this court finds that appellant has failed to present any evidence that her attorney's failure to respond to appellee's motion for summary judgment was due to any "extraordinary circumstances" that would justify the defense of excusable neglect. We further find that, based on all the surrounding facts and circumstances, the conduct of appellant's attorney constituted a complete disregard for the judicial system.[4] See *Griffey*, 33 Ohio St.3d at

---

3. Appellant's attorney did assert, in his appellate brief, that he simply needed additional time to procure an expert's report. This court believes that simply claiming a need for additional time for discovery is not a reasonable explanation for appellant's eight-month delay in requesting relief from judgment. To find so would be to open Pandora's box and allow litigants to use Civ.R. 60(B) as a means of extending the period of discovery beyond the schedule set by the trial court, thus usurping the province of the trial court. This we must not do; discovery matters are now and should remain within the sound discretion of the trial court.

4. In Ohio, it is well established that " 'the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1).' " *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 140, 610 N.E.2d 507, quoting *GTE Automatic Elec. Inc.*, 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, at paragraph four of the syllabus. This court does not dispute appellant's contention that her attorney made an honest mistake in the instant matter when he, by way of his paralegal, looked to the wrong local rules and miscalculated the

80, 514 N.E.2d 1122. As a result, we reject appellant's argument that her attorney's failure to respond to appellee's motion for summary judgment was excusable neglect. Id.

{¶ 17} This court has previously held that "[t]he requirements of Civ.R. 60(B) are stated in the conjunctive; if one of the requirements [is] not met, relief from judgment cannot be granted." *Wolotsky v. Portage Path Community Mental Health Ctr.* (Apr. 12, 1995), 9th Dist. No. 16827, at 4, 1995 WL 217032, citing *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. Therefore, because appellant has failed to meet any of the criteria enumerated in Civ.R. 60(B)(1) through (5), she was not entitled to relief from judgment, and the trial court did not abuse its discretion when it denied appellant's motion for the same. Appellant's first assignment of error is without merit.

### Assignment of Error Number Two

"The trial court abused its discretion under the doctrine of *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18 [665 N.E.2d 1102,] by failing to grant a hearing to take evidence where appellant alleged grounds for relief from judgment supported by evidence warranting relief from judgment."

{¶ 18} In her second assignment of error, appellant has argued that the trial court abused its discretion when it refused to grant her a hearing and review the evidence she sought to present in support of her motion for relief from judgment. Specifically, appellant has argued that she should have been given the opportunity to present the report of her expert witness to the trial court because the report provided appropriate grounds for her to obtain relief from judgment. We disagree.

{¶ 19} Ohio courts have previously held that "[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under [Civ.R 60(B) ], the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." *Adomeit,* 39 Ohio App.2d at 105, 68 O.O.2d 251, 316 N.E.2d 469. If a movant alleges such operative facts that would warrant relief from judgment and the trial court refuses to grant a hearing, such a decision is an abuse of discretion. *Kay,* 76 Ohio St.3d at 19, 665

---

date appellant's motion was due. While we certainly sympathize with appellant in that our decision today will most likely forever preclude her from having her day in court regarding the medical treatment she received from appellee, "vacating the judgment of the common pleas court at this late date would unfairly penalize those parties that have been diligently abiding by the procedural rule as well as set an ominous precedent." *Brown,* 81 Ohio App.3d at 142, 610 N.E.2d 507, citing *Argo Plastic Products v. Cleveland* (1984), 15 Ohio St.3d 389, 393, 15 OBR 505, 474 N.E.2d 328. "Relief may be sought only against [appellant's attorney] who, by all appearances, is the individual most directly responsible for the denial of [appellant's] day in court." *Brown,* 81 Ohio App.3d at 142, 610 N.E.2d 507.

N.E.2d 1102 (stating that a "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment"). On the other hand, if the movant fails to allege operative facts that justify relief from judgment the court is not required to grant an evidentiary hearing. *Architectural Interior Products, Inc. v. Freeman Doors,* 10th Dist. No. 03AP–265, 2004-Ohio-676, 2004 WL 259223, at ¶ 7 (stating that "an evidentiary hearing is not required where the motion and any attachments lack allegations of operative facts justifying relief from judgment").

{¶ 20} Because we determined, in our disposition of appellant's first assignment of error, that appellant was not entitled to relief from judgment, it follows that the trial court was not required to hold an evidentiary hearing and take appellant's expert witness report into evidence. See *Architectural Interior Products, Inc.,* 2004-Ohio-676, at ¶ 7; *Yanky v. Yanky,* 8th Dist. No. 83020, 2004-Ohio-489, 2004 WL 229313, at ¶ 11. Consequently, we find that that the trial court did not abuse its discretion when it failed to hold a hearing before it denied appellant's motion for relief from judgment. Appellant's second assignment of error lacks merit.

### III

{¶ 21} Appellant's first and second assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BATCHELDER, J., concurs.

CARR, P.J., dissents.

CARR, Presiding Judge, dissenting.

{¶ 22} A court must hold an evidentiary hearing if the motion contains enough specificity to support the GTE test. *Landmark Am. v. Overholt* (July 12, 2000), 9th Dist. No. 3036–M, 2000 WL 961299. Here, appellant's motion contained sufficient operative facts to require a hearing to flush out further the facts of the case.