OPINION
{¶ 1} In this accelerated calendar appeal, appellants, Dorene and Victor Sutton ("the Suttons"), appeal the judgment entered by the Trumbull County Court of Common Pleas. The trial court denied the Suttons' motion to vacate the court's prior entry of summary judgment in favor of appellee, C. Kim, M.D. ("Dr. Kim").
 {¶ 2} In March 2003, the Suttons filed a complaint alleging medical malpractice against Dr. Kim, Trumbull Memorial Hospital, and several unknown defendants. On January 22, 2004, Dr. Kim filed a motion for summary judgment. That day, the trial court issued a judgment entry, which provided that responses to Dr. Kim's motion for summary judgment were to be filed by February 23, 2004. In addition, the entry provided "Memo MSJ SET 3/5/04." The Suttons sought additional time to respond to Dr. Kim's motion for summary judgment. On February 20, 2004, the trial court granted the Suttons twenty-eight additional days to respond to Dr. Kim's motion for summary judgment, thereby giving them until March 22, 2004 to file their response.
 {¶ 3} On February 27, 2004, Trumbull Memorial Hospital sought leave to file a motion for summary judgment. The trial court granted the hospital's motion. In the same judgment entry, the trial court ruled "[r]esponses to be filed by 4/12/04. Memo MSJ reset to 4/16/04."
 {¶ 4} On March 26, 2004, the trial court granted Dr. Kim's motion for summary judgment. In its judgment entry, the court noted that no response had been filed. On March 29, 2004, the Suttons filed a notice of voluntary dismissal without prejudice. The Suttons claim this notice was mailed to the Trumbull County Clerk of Courts' Office on March 23, 2004.
 {¶ 5} On April 9, 2004, the Suttons filed a motion to vacate the trial court's March 26, 2004 judgment entry pursuant to Civ.R. 60. In addition, the motion requested an oral hearing. Dr. Kim filed a motion in opposition to the Suttons' motion to vacate. On May 10, 2004, the trial court denied the Suttons' motion to vacate without holding a hearing.
 {¶ 6} The Suttons timely appealed the trial court's May 10, 2004 judgment entry. On appeal, they raise the following assignment of error:
 {¶ 7} "The trial court abused its discretion by denying plaintiff-appellant's [sic] motion to vacate judgment and request for an oral hearing, resulting in severe prejudice to the plaintiff [sic.]"
 {¶ 8} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion."[1] "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"[2]
 {¶ 9} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct or an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."[3]
 {¶ 12} The motion was filed only fourteen days after the trial court's judgment entry, therefore, it was timely.[4] However, the Suttons have not demonstrated that they had a meritorious claim or that they were entitled to relief under a provision of Civ.R. 60(B).
 {¶ 13} The second prong of the GTE test requires the Suttons to demonstrate that they are entitled to relief on one of the grounds set forth in Civ.R. 60(B).
 {¶ 14} The Suttons argued they were entitled to relief from judgment under the "excusable neglect" provision of Civ.R. 60(B)(1). "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply."[5] Instead, the Supreme Court of Ohio has "defined `excusable neglect' in the negative and [has] stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"[6]
 {¶ 15} The failure to file a response to a motion for summary judgment, standing alone, does not amount to excusable neglect.[7] In this matter, the Suttons were granted a continuance to respond to Dr. Kim's motion for summary judgment. However, they did not file a response to the motion for summary judgment or seek an additional continuance. Moreover, the Suttons did not allege the failure to file a response was due to any extenuating circumstances.
 {¶ 16} The Suttons argue that the fact they mailed a notice of voluntary dismissal to the clerk of court's office amounts to excusable neglect. We disagree. The Suttons were aware that the deadline for their summary judgment response was approaching. A notice of voluntary dismissal filed after the trial court enters summary judgment is a nullity.[8]
 {¶ 17} The Suttons did not point to specific operative facts to show that they were entitled to relief from judgment due to excusable neglect.
 {¶ 18} The Suttons also sought relief from judgment under Civ.R. 60(B)(5), which is the catchall provision of the rule. However, the Suttons essentially restated their excusable neglect argument. Since we have already determined that the Suttons' failure to file a response to Dr. Kim's motion for summary judgment was not excusable neglect, their contention must also fail under the Civ.R. 60(B)(5) standard.
 {¶ 19} Finally, for the reasons set forth below, even if we were to find that the Suttons met the second prong of the GTE test, their motion would ultimately still fail as they have not demonstrated a meritorious claim.
 {¶ 20} "To successfully establish a claim under Civ.R. 60(B), the movant must present `operative facts' which would warrant relief from judgment. Operative facts are facts that tend to show the existence of a meritorious defense or claim."[9]
 {¶ 21} The Suttons did not advance a meritorious claim to demonstrate that summary judgment in favor of Dr. Kim was inappropriate. The Suttons needed to set forth specific operative facts showing that Dr. Kim's treatment of Mrs. Sutton rose to the level of medical negligence. The Suttons did not submit such evidence.
 {¶ 22} In Pearce v. Church Mut. Ins. Co., an identical situation occurred.[10] The defendant's motion for summary judgment was granted. Notice of dismissal was placed in the mail prior to the entry of summary judgment, but was not filed until after the court granted the defendant's motion for summary judgment.[11] The Ninth Appellate District held the trial court erred in granting the plaintiff's motion for a new trial, because the plaintiff did not allege specific operative facts supporting a meritorious claim. The Ninth District held the plaintiff's arguments regarding a delay in filing due to the notice of dismissal being in the mail were more properly classified as arguments in support of a Civ.R. 60(B)(1) ground for relief rather than establishing a meritorious claim.[12] We agree.
 {¶ 23} Since the Suttons failed to meet the first and second prongs of the GTE test, the trial court did not abuse its discretion by denying their motion to vacate.
 {¶ 24} We will now address whether the trial court erred by not holding a hearing. "`If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'"[13]
 {¶ 25} As previously mentioned, the Suttons provided no evidence in support of the meritorious claim requirement. As such, the trial court did not abuse its discretion by failing to conduct an evidentiary hearing.[14]
 {¶ 26} The trial court did not abuse its discretion by denying the Suttons' motion to vacate without a hearing. The Suttons' assignment of error is without merit.
 {¶ 27} The judgment of the trial court is affirmed.
Ford, P.J., concurs,
Colleen Mary O'Toole, J., dissents with Dissenting Opinion.
[1] (Citations omitted.) Bank One, NA v. SKRL Tool and Die, Inc., 11th Dist. No. 2003-L-048, 2004-Ohio2-602, at ¶ 15. See, also, GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, 150.
[2] (Citations omitted.) Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
[3] GTE Automatic Electric v. ARC Industries, 47 Ohio St.2d 146, paragraph two of the syllabus.
[4] See Gregory v. Abdul-Aal, 11th Dist. No. 2002-T-0176, 2004-Ohio-1703, at ¶ 21, fn. 2.
[5] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
[6] Id., citing GTE Automatic Electric v. ARC Industries,47 Ohio St.2d at 153; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 21.
[7] Blair v. Boye-Doe, 157 Ohio App.3d 17, 2004-Ohio-1876, at ¶ 16; Gregory v. Abdul-Aal, 2004-Ohio-1703, at ¶ 27.
[8] Blair v. Boye-Doe, at ¶ 3, fn. 2, quoting Pearce v. Church Mut.Ins. Co., 9th Dist. No. 02CA0101-M, 2003-Ohio-3147, at ¶ 15.
[9] Gregory v. Abdul-Aal, 2004-Ohio-1703, at ¶ 22, citing ConcordTwp. Trustees v. Hazelwood Builders, Inc. (July 21, 2000), 11th Dist. No. 98-L-249, 2000 Ohio App. LEXIS 3292, at *16.
[10] Pearce v. Church Mut. Ins. Co., supra.
[11] Id. at ¶ 13.
[12] Id. at ¶ 14.
[13] Kay v. Marc Glassman, Inc., 76 Ohio St.3d at 19, quoting Coulsonv. Coulson (1983), 5 Ohio St.3d 12, 16.
[14] Gregory v. Abdul-Aal, at ¶ 33; Blair v. Boye-Doe, at ¶ 19.