THE STATE EX REL. ENGELHART, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

[Cite as *State ex rel. Engelhart v. Russo,* 131 Ohio St.3d 137, 2012-Ohio-47.]

*Mandamus—Prohibition—Voluntary dismissal—Civ.R. 41(A)(1)—Motion for voluntary dismissal under Civ.R. 41(A)(1) is effective immediately upon filing—Civ.R. 58(A)—Order granting summary judgment is not effective until entered by clerk upon journal—Court loses jurisdiction upon filing of voluntary dismissal—Judgment denying writs of prohibition and mandamus to prevent court from proceeding after dismissal and to compel court to vacate postdismissal orders reversed.*

(No. 2011-0903—Submitted November 15, 2011—Decided January 11, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96387, 2011-Ohio-2410.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying writs of prohibition and mandamus against appellee, Cuyahoga County Court of Common Pleas Judge Nancy Margaret Russo. Appellant, Renee Engelhart, seeks a writ of prohibition to prevent Judge Russo from further proceeding in an underlying civil case. Engelhart also seeks a writ of mandamus to compel the judge to vacate her order striking Engelhart's notice of voluntary dismissal without prejudice and all other orders issued after the filing of the notice and to reinstate the notice of dismissal. Because Engelhart established her entitlement to part of the requested relief, we reverse the court of appeals' judgment in part and affirm it in part.

**Facts**

*State ex rel. Engelhart v. Brecksville-Broadview Hts.*

*City School Dist. Bd. of Edn.*, Cuyahoga C.P. No. CV-10-719533

{¶ 2}  Engelhart filed an action in mandamus in the Cuyahoga County Court of Common Pleas that claimed that the respondents, Brecksville-Broadview Heights City School District Board of Education and certain district officials, had committed violations of the Open Meetings Act and the Public Records Act.  The respondents in that case filed a motion for summary judgment, and Engelhart submitted a memorandum in opposition.

{¶ 3}  At 11:07 a.m. on January 12, 2011, a person using the password assigned to Judge Russo's staff attorney prepared a proposed journal entry granting the school district's motion for summary judgment.  Judge Russo signed the entry, and at 2:25 p.m. on January 12, transmitted the entry electronically to the Clerk of Court for Cuyahoga County, where it entered a queue of electronic documents that had been transmitted for filing.  At the same time, Judge Russo also updated the status of the pending motions in the case in an on-line docket, accessible to the attorneys in the case but not to the public, to reflect that she had granted the respondents' motion for summary judgment.

{¶ 4}  When Engelhart's counsel in the underlying case, Deborah Carothers, became aware that Judge Russo would enter judgment in favor of the respondents, she filed a notice of dismissal pursuant to Civ.R. 41(A)(1), voluntarily dismissing the case without prejudice, at 3:48 p.m. on January 12, 2011.

{¶ 5}  Minutes later, at 4:05 p.m., a deputy clerk responsible for processing the queue of electronically transmitted documents clicked on Judge Russo's journal entry granting summary judgment in favor of the respondents, which had been transmitted to the clerk's office at 2:25 p.m. earlier that day.  This was in accordance with the clerk's procedure for processing electronically

transmitted documents sent by a judge or magistrate to the clerk: (1) the deputy clerk processes each document by clicking on it to enter the document on the court's journal, (2) at that instant, a stamp reflecting the precise date and time is recorded on the document, and (3) then or shortly thereafter, a new entry will appear on the electronic docket of proceedings that memorializes the document. The certified copy of Judge Russo's January 12, 2011 journal entry granting summary judgment in the school district's favor bears a clerk's office stamp that it was "received for filing" on that date at "16:05:42," i.e., 4:05 p.m. The court's docket lists Engelhart's notice of dismissal as having been entered on the docket before Judge Russo's entry granting summary judgment.

{¶ 6} On January 13, 2011, the respondents filed a "motion to strike—motion to deem moot and untimely [Engelhart's] notice of dismissal, and motion to show cause." On January 25, Judge Russo granted respondents' motion, struck Engelhart's notice of dismissal, and held that the judge's January 12 summary judgment was the final judgment on the merits in the case. Judge Russo ordered Engelhart and her attorney, Carothers, to appear and show cause why each should not be held in contempt for filing their notice of dismissal "after the notice from the court of the ruling on the motion for summary judgment and for her representations to the court that she could not file her trial brief on time due to weather and travel issues."

{¶ 7} Judge Russo specified that the summary-judgment order was received for filing by the clerk's office before Engelhart filed her notice of dismissal:

{¶ 8} "The court also notes for purposes of the record that the entry of [summary judgment] in favor of the respondents was created at 11:07 am on January 12; the judge assigned to the case signed that entry at 2:25 pm, which is the actual time of filing by the court of its order; the relator's notice of dismissal

was time-stamped on 1/12/11 at 3:48 pm, after the court had updated the pending motion docket and signed the JE and after the clerk received it for filing."

{¶ 9} On January 31, 2011, following a hearing, Judge Russo granted the respondents' motion for sanctions against attorney Carothers in the sum of $1,200. Judge Russo determined that Carothers "was aware of the court[']s ruling in favor of respondents before she filed the now stricken [notice of dismissal] and that she did so in [an] attempt to prejudice the respondents and perpetrate a fraud upon the court."

Prohibition and Mandamus Case

{¶ 10} A week later, on February 7, 2011, Engelhart filed a complaint in the court of appeals. In her complaint, Engelhart requested a writ of prohibition to prevent Judge Russo from exercising jurisdiction and further proceeding in the underlying case. Engelhart also sought a writ of mandamus to compel Judge Russo to (1) vacate her January 25, 2011 order striking Engelhart's notice of dismissal, (2) vacate all other orders issued after the filing of the notice of dismissal, and (3) reinstate the January 12, 2011 notice of dismissal. The parties filed motions for summary judgment.

{¶ 11} In May 2011, the court of appeals denied the writs. The court of appeals held that "the order granting summary judgment was journalized prior to the filing of the notice of voluntary dismissal."

{¶ 12} This cause is now before the court upon Engelhart's appeal as of right.

**Legal Analysis**

Prohibition and Mandamus:

Notice of Voluntary Dismissal

{¶ 13} In her appeal as of right, Engelhart asserts that the court of appeals erred in denying writs of prohibition and mandamus to prevent Judge Russo from proceeding in the underlying case, to compel the judge to vacate her order striking

4

Engelhart's notice of dismissal and all of her orders thereafter in the case, and to reinstate the notice of dismissal.

{¶ 14} "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. "[I]n general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ * * * will issue to prevent the exercise of jurisdiction." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 22.

{¶ 15} Civ.R. 41(A)(1)(a) provides that, subject to certain provisions that are inapplicable here, "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant."

{¶ 16} As we recently held, "[t]he plain import of Civ.R. 41(A)(1) is that once a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17.

Notice of Dismissal Filed Before

Journalization of Summary Judgment

{¶ 17} The court of appeals determined that because Engelhart had filed her notice of dismissal of the underlying case after Judge Russo's entry granting summary judgment in favor of the respondents had been journalized, the notice was ineffective and did not divest the judge of jurisdiction to vacate the notice of

dismissal and to conduct further proceedings in the case. It is true that a notice of voluntary dismissal filed after the trial court enters summary judgment is of no force and effect and is a nullity. *Blair v. Boye-Doe*, 157 Ohio App.3d 17, 2004-Ohio-1876, 808 N.E.2d 906, ¶ 3, fn. 2; *Sutton v. Kim*, Trumbull App. No. 2004-T-0061, 2005-Ohio-5866, ¶ 16.

{¶ 18} Nevertheless, it is equally true that if a notice of voluntary dismissal is filed before the journalization of a summary judgment, the dismissal is effective. *Witt v. Lamson*, Cuyahoga App. No. 87349, 2006-Ohio-3963, ¶ 7-11; *Howard v. SunStar Acceptance Corp.* (May 8, 2001), Franklin App. No. 00AP-70, 2001 WL 481936, *4.

{¶ 19} The court of appeals held that journalization was complete when Judge Russo transmitted the signed entry to the clerk of court at 2:25 p.m. on January 12, 2011. In so holding, the court of appeals relied on cases that construed a former version of Civ.R. 58, which provided, "A judgment is effective only when filed with the clerk for journalization." See, e.g., *William Cherry Trust v. Hofmann* (1985), 22 Ohio App.3d 100, 22 OBR 288, 489 N.E.2d 832.

{¶ 20} Civ.R. 58 was amended in 1989. The current version of Civ.R. 58(A) specifies that a judgment is effective only when *entered* by the clerk upon the journal, not when it is *filed* with the clerk:

{¶ 21} "Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. *A judgment is effective only when entered by the clerk upon the journal.*" (Emphasis added.)

{¶ 22} The uncontroverted evidence submitted by the parties in the court of appeals establishes that although Judge Russo transmitted the signed entry

granting respondents' motion for summary judgment in the underlying case at 2:55 p.m. on January 12, 2011, it was not received and entered upon the journal by the clerk of court until 4:05 p.m. on that date or some time thereafter. It is not until the clerk's office employee clicks on the document in the electronic queue that the document is entered upon the journal. Therefore, for purposes of Civ.R. 58(A), Judge Russo's summary judgment could not have been effective until, at the earliest, 4:05 p.m. on January 12, 2011.

{¶ 23} Engelhart had already filed her notice of dismissal of the underlying case pursuant to Civ.R. 41(A)(1)(a) at 3:48 p.m. on January 12, 2011. "The notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention." *Fifth Third*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17, citing *Selker & Furber v. Brightman* (2000), 138 Ohio App.3d 710, 714, 742 N.E.2d 203.

{¶ 24} The reliance of the court of appeals and Judge Russo on Loc.R. 19.1(B) of the Court of Common Pleas of Cuyahoga County, General Division, is also misplaced. That rule merely provides that "[e]lectronic transmission of a document with an electronic signature by a Judge or Magistrate that is sent in compliance with procedures adopted by the Court shall, upon the complete receipt of the same by the Clerk of Court, constitute filing of the document for all purposes of the Ohio Civil Rules, Ohio Criminal Rules, Rules of Superintendence, and the Local Rules of this Court." Again, even if Judge Russo's summary-judgment entry was *filed* with the clerk of court before Engelhart filed her notice of dismissal with the clerk, the summary-judgment order was not *entered* upon the journal by the clerk of court until after the notice of dismissal was filed.

{¶ 25} Therefore, in accordance with the plain language of Civ.R. 58(A), the entry of summary judgment was not effective until after Engelhart's notice of dismissal, which was effective upon its filing at 3:48 p.m. on January 12, 2011.

The attempted entry by the clerk of Judge Russo's summary judgment at or after 4:05 p.m. on that same date occurred too late. Consequently, Judge Russo patently and unambiguously lacked jurisdiction to enter summary judgment on the merits of the underlying case.

{¶ 26} Thus, the court of appeals erred in denying Engelhart's request for a writ of prohibition to prevent Judge Russo from proceeding on the merits of the underlying case after Engelhart had filed her notice of dismissal. The court of appeals further erred in denying Engelhart's request for a writ of mandamus to compel Judge Russo to vacate her entry striking the notice of dismissal and her entry of summary judgment in the underlying case and to compel Judge Russo to reinstate her notice of dismissal.

Collateral Proceeding in Contempt

{¶ 27} In her complaint for writs of prohibition and mandamus, Engelhart also sought to prevent Judge Russo from further proceeding in the underlying case and to compel her to vacate all orders she had issued after the notice of dismissal was filed. These additional orders include the judge's order to show cause and order imposing contempt sanctions against Engelhart's attorney in the underlying case.

{¶ 28} Insofar as these claims are concerned, "[t]rial courts may consider collateral issues like criminal contempt * * * despite a dismissal." *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672, ¶ 5. Judge Russo did not patently and unambiguously lack jurisdiction to determine the contempt issue notwithstanding Engelhart's dismissal of the case, and Engelhart and her attorney have an adequate remedy by way of her pending appeal from the judge's sanctions to raise any claimed error by the judge in her ruling. *Fifth Third*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 24. In fact, in her reply brief on appeal, Engelhart now claims that this appeal "does not concern collateral matters," that it addresses simply "the trial court's entry

striking the dismissal notice," and that a "separate appeal is pending concerning the court's grant of sanctions."

{¶ 29} Therefore, the court of appeals did not err in denying Engelhart's prohibition and mandamus claims insofar as they contested Judge Russo's orders concerning contempt following the filing of the notice of dismissal.

### Conclusion

{¶ 30} Based on the foregoing, we reverse the judgment of the court of appeals insofar as it (1) denied a writ of prohibition to prevent Judge Russo from proceeding on the merits of the underlying case following the filing of the notice of voluntary dismissal and (2) denied a writ of mandamus to compel Judge Russo to vacate her order granting summary judgment, vacate her order striking the notice of dismissal, and reinstate the notice of dismissal. We affirm that portion of the judgment denying writs of mandamus and prohibition as they relate to the collateral issue of contempt.

Judgment affirmed in part

and reversed in part.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

**LANZINGER, J., concurring.**

{¶ 31} I concur reluctantly, for in reversing the appellate court's judgment that denied the writs of prohibition and mandamus, it appears as though we are rewarding an attorney who used tactics that were less than forthright. On January 12, 2011, at 2:25 p.m., Judge Russo electronically transmitted her signed order to the clerk of courts of Cuyahoga County that granted summary judgment in favor of the respondents. Loc.R. 19.1(B) of the Court of Common Pleas of Cuyahoga County, General Division, provides:

**{¶ 32}** "*Electronic transmission of a document with an electronic signature by a Judge* or Magistrate that is sent in compliance with procedures adopted by the Court *shall, upon the complete receipt of the same by the Clerk of Court, constitute filing* of the document for all purposes of the Ohio Civil Rules, Ohio Criminal Rules, Rules of Superintendence, and the Local Rules of this Court." (Emphasis added.)

**{¶ 33}** After transmitting her order to the clerk's office, Judge Russo also notified the attorneys electronically that she *had* granted the respondents' motion for summary judgment. And although the judge's order had been queued at 2:25 p.m. in the clerk's office, it was not entered on the clerk's journal, stamped with a precise time and date until 4:05 p.m. In the meantime, Engelhart's attorney was able to file a motion to voluntarily dismiss the case at 3:48 p.m.

**{¶ 34}** Unfortunately, the local rule conflicts with the current version of Civ.R. 58(A), which specifies that "[a] judgment is effective only when entered by the clerk upon the journal." Local rules may not be inconsistent with any rule prescribed by this court governing procedure or practice, including the Rules of Civil Procedure. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 554, 597 N.E.2d 153. Thus, despite the judge's completion of all actions required of her and notification to the parties of her order, the deputy clerk's delay in "entering" the order on the journal of the clerk of courts made the order ineffective as against a voluntary dismissal under Civ.R. 41(A).

**{¶ 35}** The language of the Civil Rule permits no alternative.

O'CONNOR, C.J., and MCGEE BROWN, J., concur in the foregoing opinion.

_____

Graydon, Head & Ritchie, L.L.P., and John C. Greiner, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____