OPINION *Page 2 
{¶ 1} Defendant-Appellant, Michael J. Williams, Sr., appeals the August 17, 2007 judgment entry of the trial court affirming the Amended Magistrate's Decision denying Appellant's request for relief pursuant to Civ. R. 60(B).
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant and Appellee, Melanie Williams, were married on December 6, 1980, in Columbus, Ohio. Three children were born as issue of the marriage, and all children are now adults and emancipated.
 {¶ 3} At the time of the marriage, Appellant admits he was an alcoholic. He states that Appellee was aware of his addiction when they were married. In 1990, Appellant began attending Alcoholics Anonymous meetings. He sought in-patient treatment for his alcoholism in 1991. He was later diagnosed with mental health issues and began taking medication for depression and bipolar disorder. Appellant continued to suffer from his addiction, but only drank outside the home for the sake of his then-minor children.
 {¶ 4} After the children had grown and left the home in 2005, Appellant resumed drinking in the home. In February 2006, Appellee retained the services of counsel to represent her in terminating her marriage. Her counsel prepared a Separation Agreement, which Appellant received on April 25, 2006. Appellant did not hire counsel to represent him during the divorce proceedings.
 {¶ 5} Appellant did not agree to the terms of the first draft of the Separation Agreement and renegotiated a second draft of the Separation Agreement. In *Page 3 
renegotiating the terms of the Separation Agreement, Appellee's counsel prepared a balance sheet indicating asset and debt allocation for each party.
 {¶ 6} Appellant signed the revised Separation Agreement on June 12, 2006. Appellee signed the Separation Agreement on June 15, 2006. Some of the specific terms of the Separation Agreement include the following.[1] Appellee was granted a partial ownership interest in Appellant's 401(K) in the amount of $53,434.00. (Article 3.7.1.). Appellee was awarded her State Teachers Retirement System benefits and Appellant was awarded his Social Security benefits free and clear of any claims of the other party. (Article 3.7.4). Appellant was to pay Appellee $1,200.00 per month in spousal support, with the award terminating upon Appellee turning 65. (Article 4). Appellant owned and was awarded the Universal Life Insurance Policy with a death benefit of $125,000, but Appellant was required to maintain Appellee as the primary beneficiary of the policy. His failure to maintain the policy would allow Appellee to have a claim against Appellant's estate for $100,000. (Article 5).
 {¶ 7} The Separation Agreement was filed with the trial court on June 20, 2006 and the final dissolution hearing was held on July 21, 2006 before a private judge. At the hearing, the judge reviewed the Separation Agreement with the parties. The judge granted a Decree of Dissolution of Marriage adopting and incorporating the parties' Separation Agreement thereto. The Decree was filed with the court on July 24, 2006.
 {¶ 8} Pursuant to the terms of the Separation Agreement, Appellee quitclaimed his rights to the marital home to Appellee. In August 2006, Appellant and Appellee agreed to take out a loan against the marital home in the amount of $100,000 with *Page 4 
National City Bank, to which Appellee used the entire amount of the loan for his business. On December 31, 2006, Appellant remarried.
 {¶ 9} On March 20, 2007, Appellant filed a Motion for Relief from Judgment Under Civ. R. 60(B). Appellant moved the trial court to vacate the Decree of Dissolution of Marriage, including the Separation Agreement incorporated therein, as it related to property division, division of the parties' retirement benefits, spousal support and life insurance provisions. Appellant stated that he was entitled to relief from judgment because he was "unfairly coerced into an inequitable division of the marital property and assets due to fraud and duress placed upon him by [Appellee] due to his mental capacity and health at the time of the Judgment Entry."
 {¶ 10} The magistrate issued an order on March 22, 2007 setting the matter for a status conference on April 17, 2007. Appellee filed her memorandum contra on April 12, 2007. During a telephone conference on April 17, 2007, the magistrate determined she would not go forward with the status hearing and allowed the parties two additional weeks to submit further arguments and evidence on Appellant's motion for relief from judgment.[2] Appellee filed a Motion to Dismiss Appellant's Motion for Relief from Judgment and a Motion for Attorney's Fees on April 20, 2007. Appellee attached supplemental evidentiary material to the motion. The magistrate issued her decision on April 25, 2007, denying Appellant's Motion for Relief from Judgment. On May 8, 2007, Appellant filed a Motion to Set Aside the April 25, 2007 Decision. The magistrate held a telephone conference and allowed the parties to submit additional arguments and evidence by May 11, 2007. *Page 5 
 {¶ 11} The parties filed their supplemental materials. On May 23, 2007, the magistrate issued an Amended Decision again denying Appellant's Motion for Relief. Appellant filed objections to the magistrate's Amended Decision on June 6, 2007. The trial court approved the Amended Magistrate's Decision by judgment entry issued August 17, 2007.
 {¶ 12} Appellant now appeals and raises five Assignments of Error:
 {¶ 13} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND THUS ABUSED ITS DISCRETION, BY DENYING APPELLANT'S REQUEST FOR RELIEF UNDER 60(B) WITHOUT HOLDING AN EVIDENTIARY HEARING BECAUSE APPELLANT SUFFICIENTLY ALLEGED OPERATIVE FACTS TO SUPPORT A CIV.R. 60(B) CLAIM.
 {¶ 14} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT APPELLANT FAILED TO TIMELY FILE, OR OTHERWISE EXPLAIN HIS `DELAY' IN FILING, HIS REQUEST FOR RELIEF UNDER CIV.R. 60(B).
 {¶ 15} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST FOR RELIEF UNDER CIV.R. 60(B) BECAUSE SUCH DENIAL WAS BASED ON INSUFFICIENT EVIDENCE.
 {¶ 16} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST FOR RELIEF UNDER CIV.R. 60(B) BECAUSE SUCH DENIAL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 17} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY DETERMINING *Page 6 
APPELLANT'S MOTION WITHOUT A HEARING WHERE THERE WAS NO NOTICE OF A DISPOSITIVE HEARING ON THE MERITS, WHERE THERE WAS NOT WRITTEN ORDER BY THE MAGISTRATE RELATED TO THE HEARING, AND WHERE THE PARTIES DID NOT SIGN A WRITTEN ENTRY WAIVING A HEARING."
 I., II., III., IV., V. {¶ 18} Appellant's Assignments of Error challenge the trial court's denial of his motion for relief pursuant to Civ. R. 60(B) regarding the terms of the Separation Agreement. Appellant claims the trial court erred in denying his request for relief and erred in not holding an evidentiary hearing. Because all five of Appellant's challenges involve the issue of Civ. R. 60(B) relief, we will address them collectively.
 {¶ 19} A motion for relief from judgment under Civ. R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 20} Civ. R. 60(B) states in pertinent part,
 {¶ 21} On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been *Page 7 
reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken. * * *."
 {¶ 22} A party seeking relief from judgment pursuant to Civ .R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion must be timely filed." GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 23} In his Civ. R. 60(B) motion filed on March 20, 2007, Appellant based his request for relief upon 60(B)(3) ("fraud [whether heretofore denominated intrinsic or extrinsic], misrepresentation or other misconduct of an adverse party"); 60(B)(4) ("the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"); and/or 60(B)(5) ("any other reason justifying relief from the judgment"). Appellant stated in his motion that, "Petitioner-Wife engaged in fraud against Petitioner-Husband by harassing and badgering Petitioner-Husband who was without the benefit of counsel, into signing the Separation Agreement, with full knowledge of the severe nature of Petitioner-Husband's lack of *Page 8 
capacity due to his mental disorders, addiction, and prescription drug use to treat his illnesses." Because of Appellee's alleged fraud in taking advantage of his incapacitation, Appellant argued the terms of the Separation Agreement were inequitable and created an unjust burden upon him. Appellant attached an affidavit to his motion, stating that the information set forth in the motion were true and accurate to the best of his knowledge and belief.
 {¶ 24} The matter was originally set for a status hearing on April 17, 2007, but it did not go forward because of confusion as to the purpose of the hearing. Appellant was not prepared for an evidentiary hearing and requested more time to submit supplemental evidence in support of his motion. On May 11, 2007, Appellant submitted his additional evidentiary materials in support of his motion for relief from judgment. He attached a psychological report completed by a psychologist on May 10, 2007 that detailed Appellant's mental health status in June 2006; a supplemental affidavit from Appellant about Appellant's mental health status; email messages from Appellee to Appellant; and medical records at the time of the Separation Agreement from Appellant's general practitioner.
 {¶ 25} Without a hearing, the magistrate issued an Amended Magistrate's Decision denying Appellant's Motion for Relief from Judgment. Appellant filed timely objections to the magistrate's findings of facts and/or conclusions of law. In his objections, Appellant did not raise an objection to the lack of an evidentiary hearing. Appellant now argues the magistrate should have conducted an evidentiary hearing on the requested relief. We disagree. The standard for when an evidentiary hearing is necessary is set forth in Cogswell v. Cardio Clinic ofStark County, Inc. (Oct. 21, 1991), *Page 9 
5th Dist. No. CA-8553. In Cogswell, this court held under Civ. R. 60(B), a hearing is not required unless issues supported by evidentiary quality affidavits exist. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts, which would support a meritorious defense to the judgment. Id.; Bristow v. O'Dell, 5th Dist. No. 2006CA00022, 2006-Ohio-2425, ¶ 11.
 {¶ 26} Upon review of Appellant's March 20, 2007 request for relief from judgment, we would have found it be unnecessary for the trial court to conduct an evidentiary hearing under the requirements ofCogswell. Appellant failed to present any evidentiary quality affidavits to establish operative facts that Appellant had a meritorious defense to the terms of the Separation Agreement, other than his personal struggles, to which he admitted to have suffered from during the parties' twenty-six year marriage.
 {¶ 27} This same analysis may be applied to the issuance of the Amended Magistrate's Decision. As a first matter, it has been held that an evidentiary hearing need not be in the form of oral arguments before the court. McLoughlin v. McLoughlin, 10th Dist. No. 05AP-621, 2006-Ohio-1530, ¶ 19. "The moving party may also establish his or her entitlement to relief by presenting operative facts in the form of affidavits, depositions, transcripts of evidence, written stipulations and other evidence given under oath." Id. While Appellant submitted supplemental evidence in support of his claims, we find such evidence raised no additional operative facts so as to establish his claim for relief. As the trial court stated in its judgment entry approving the Amended Magistrate's Decision, Appellant's arguments were two-fold. Appellant first argued he was incompetent to contract at the time the parties entered into the Separation Agreement and second, the Separation Agreement itself was unfair. *Page 10 
 {¶ 28} As to Appellant's incompetence, we cannot agree with Appellant that he suffered from a clouded mental state at the time he negotiated the terms of the Separation Agreement. But upon Appellant's own admission, he suffered these identical issues throughout the duration of the parties' twenty-six year marriage. Further, Appellee presented affidavit evidence that showed Appellant did not simply sign the Separation Agreement; he negotiated the terms of the Separation Agreement resulting in a second draft. Two months later, he entered into an agreement with Appellee for a loan on the marital home for Appellant's personal economic benefit.
 {¶ 29} Appellant's second argument regarded the inequitable terms of the Separation Agreement as they concerned the property division, division of the parties' retirement benefits, spousal support and life insurance provisions. As noted in the trial court's judgment entry, Appellant failed to submit any affidavit-quality evidence to demonstrate the distribution of assets and liabilities per the terms of the Separation Agreement were inequitable to him. An evidentiary hearing on this issue would be unnecessary under the requirements ofCogswell.
 {¶ 30} Because of Appellant's lack of operative facts, we find the trial court did not abuse its discretion in approving the Amended Magistrate's Decision without a hearing.
 {¶ 31} Appellant also challenges the denial of the Motion for Relief from Judgment on the merits, arguing there was insufficient evidence to support the decision and the decision was against the manifest weight of the evidence. Appellant cites Civ. R. 60(B)(3), (4) and (5) in support of his motion for relief. We have already established an evidentiary hearing was not required in this matter because the motion *Page 11 
and attached evidentiary material did not contain allegations of operative facts which would warrant relief under Civ. R. 60(B). Likewise, Appellant has not established that there is a meritorious defense or claim for him to present if relief is granted. The failure to establish any one of the GTE Automatic requirements will cause the motion to be overruled. Under these circumstances, it was not an abuse of discretion to deny Appellant's motion for relief from judgment.
 {¶ 32} Appellant's Assignments of Error are overruled.
 {¶ 33} The decision of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.
 Delaney, J., Gwin, P.J. and Wise, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] These are the specific terms of the Separation Agreement that Appellant now finds to be inequitable.
[2] The magistrate did not issue a pretrial order following the telephone conference. *Page 1