[Cite as *Sulandari v. Permadi*, 2016-Ohio-7818.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

NINIEK SULANDARI

    Appellant

    v.

IGNATIUS D. PERMADI

    Appellee

C.A. No.     15CA0040-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    13 DR 0303

DECISION AND JOURNAL ENTRY

Dated: November 21, 2016

---

SCHAFER, Judge.

{¶1} Appellant, Ninek Sulandari ("Appellant"), appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, denying her motion to vacate the court's previously-issued dissolution decree. For the reasons that follow, we affirm the trial court's judgment.

I.

{¶2} The trial court issued a decree in August 2013 dissolving the marriage of Appellant and Appellee, Ignatius Permadi ("Appellee"). The decree incorporated the parties' separation agreement as to a variety of issues, including property division. Section 7 of the parties' agreement states that each party would "retain as his or her own any intangible asset titled in his or her own name * * * free and claims of any claims of the other." Intangible assets was defined in the agreement as including, but not limited to, "pension and/or retirement

accounts, credit union accounts, profit sharing accounts, mutual funds, or any other similar equity accounts."

Approximately 10 months later, Appellant filed a Civ.R. 60(B) motion for relief from judgment that presented three grounds for relief from judgment. She requested relief under Civ.R. 60(B)(1) on the basis that her excusable neglect in failing to retain counsel led to the issuance of the erroneous decree. Appellant also sought relief under Civ.R. 60(B)(3) on the grounds that Appellee exercised undue influence over her in procuring the decree, that he fraudulently misrepresented his assets to her, and that she only agreed to the decree due to duress. She additionally sought relief under Civ.R. 60(B)(5) on the grounds that the decree failed to address certain assets. Appellant further moved to vacate the decree as void since it failed to address a "book of business" that Appellee has via his employment with Merrill Lynch and which is valued at over $1.5 million. Appellant subsequently moved to convert the dissolution petition into a divorce proceeding and filed a supplemental motion for relief from judgment.

{¶3} The trial court denied all of Appellant's motions without holding an evidentiary hearing. Appellant filed this timely appeal, which presents four assignments of error for this Court's review. Since the third and fourth assignments of error implicate similar issues, we elect to address them together.

II.

**Assignment of Error I**

**The trial court abused its discretion in overruling [Appellant]'s Motion to Vacate the Decree.**

{¶4} In her first assignment of error, Appellant argues that the trial court erred in denying her motion to vacate the decree. She advances two alternative arguments for this

position. First, Appellant contends that the failure to include the Merrill Lynch book of business rendered the decree void. Second, she asserts that even if the decree was not void, it is not a final, appealable order, which subjects it to vacating. We disagree on both points.

## A. Standard of Review

**{¶5}** The first assignment of error implicates Appellant's request that the trial court exercise its inherent authority to vacate a void judgment. We review the denial of a motion to vacate a void judgment for an abuse of discretion. *Buckingham Doolittle Burroughs, L.L.P. v. Izaldine*, 9th Dist. Summit No. 27956, 2016-Ohio-2817, ¶ 7. An abuse of discretion implies more than an error of judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## B. The Dissolution Decree Is Not Void

**{¶6}** "In Ohio, dissolution is a creature of statute that is based upon the parties' consent." *In re Whitman*, 81 Ohio St.3d 239, 241 (1998). "An integral part of the dissolution proceeding is the separation agreement agreed to by both spouses," *id*., and which the trial court is required to incorporate into the dissolution decree, R.C. 3105.65(B). R.C. 3105.63(A)(1)'s commands that a separation agreement "shall provide for a division of *all* property[.]" (Emphasis added.) In considering the import of these provisions, we find guidance from *In re Murphy*, 10 Ohio App.3d 134 (1st Dist.1983). There, the First District noted that the provisions of the Revised Code controlling dissolutions of marriage "are obviously mandatory" since they extensively use the word "shall." *Id*. at 137. In line with this conclusion, the court reasoned that "it is equally mandatory that the separation agreement [as incorporated into the decree] shall contain a 'division of all property,' not just property jointly belonging to husband and wife." *Id*.

{¶7} While the First District concluded that the dissolution decree's separation agreement had to address all of the parties' property, it declined to hold that the failure to follow this mandate rendered the decree void. *Id*. at 137-138. In reaching this determination, the court noted that viewing such incomplete decrees as void and as nullities would "render void many other dissolutions that have not been questioned by either party." *Id*. at 138, citing *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 71 (1981) ("In order to avoid finding many alleged divorces complete nullities, we hold that the failure of the appellees to comply with Civ.R. 53 renders the resulting judgment voidable, not void."). As a result, the First District determined that the failure to comply with R.C. 3105.63(A)(1) by omitting items of the parties' property renders the dissolution decree voidable and only subject to possible vacation pursuant to Civ.R. 60(B) as opposed to the trial court's inherent authority. *Murphy* at 138. Other courts have since followed *Murphy*'s rationale. *E.g. Cochneour v. Cochneour*, 4th Dist. Ross No. 13CA3420, 2014-Ohio-3128, ¶ 23; *In re Perry*, 12th Dist. Clermont Nos. CA98-10-086, 1999 WL 527849, *5 (June 21, 1999).

{¶8} We agree with *Murphy*'s handling of this issue and adopt its rationale here. Even if the dissolution decree in this matter does not explicitly address all of the parties' property, such a defect merely renders the decree voidable, not void. And, because "[a] trial court lacks authority to grant relief from a voidable judgment entry outside of [the] proscribed procedures [of Civ.R. 60(B)]," we cannot determine that the trial court abused its discretion by denying Appellant's motion to vacate the dissolution decree as void. *Cochneour* at ¶ 23.

### C. The Decree Was Final and Appealable

{¶9} Having rejected Appellant's argument that the decree was void, we turn to her contention that the decree was not final and appealable, which renders the trial court's ruling on

her Civ.R. 60(B) motion likewise not final and appealable. In support of this assertion, Appellant cites to our previous *divorce* cases in which the parties submitted evidence regarding certain items of property but the trial court failed to divide them as part of the divorce decree. Under such facts, we have consistently determined that entries lacking division of known properties are not final and appealable. *E.g. Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M, 11CA0113-M, 2012-Ohio-4197, ¶ 8 (dismissing appeal for lack of a final, appealable order because "[t]o be a final, appealable order, a judgment granting a divorce must resolve all issues in dispute" and the entry did not dispose of certain property items that were raised during the course of the divorce proceedings).

{¶10} However, this line of case law has not been applied in the context of dissolution proceedings, which conclude with the parties agreeing that the dissolution decree resolves all issues between them. *See Knapp v. Knapp*, 24 Ohio St.3d 141, 144 (1986) ("After the petition and accompanying separation agreement have been filed, the case proceeds to a final hearing. Again, mutual consent is the key."). Furthermore, this Court has only determined that a divorce decree is not final and appealable when it fails to include property that was disclosed to the court and litigated over at trial. Conversely, the book of business implicated in this matter was not disclosed to the court during the initial dissolution proceedings and was therefore not in dispute. *Compare Baker v. Baker*, 9th Dist. Lorain No. 09CA009603, 2009-Ohio-6906, ¶ 8 (concluding that divorce decree was not final and appealable where the trial court was made aware of the parties' tractor, boat, and trailer but none of those items were distributed in the decree). In light of these differences between the line of divorce cases and this matter, we conclude that the dissolution decree in this case is final and appealable despite the lack of an explicit provision for the book of business. Accordingly, because the dissolution decree was final and appealable, the

trial court's subsequent denial of the motion to vacate the decree was also final and appealable. *See Bencin* at ¶ 11 (stating that "a party may seek Civ.R. 60(B) relief only from a final judgment").

{¶11} The result of *Murphy* supports this conclusion. There, the court addressed a trial court's vacation of a previous dissolution decree for failing to include a distribution of significant assets. In doing so, the court explicitly said that the dissolution decree was subject to possible vacation under Civ.R. 60(B), meaning that the court determined that the decree was final and appealable despite the omission of certain assets that were not disclosed to the court during the original dissolution proceedings. *Murphy*, 10 Ohio App.3d at 137-138. We again agree with *Murphy*'s resolution of this issue and follow its guidance here. Finally, we note that even if the decree and trial court's ruling on the motion to vacate were not final and appealable, Appellant would not be entitled to the vacation of the decree. When an order is not final and appealable, this Court merely dismisses the appeal. *E.g. Bencin* at ¶ 13.

{¶12} In sum, the dissolution decree in this matter was merely voidable and final and appealable. Thus, Appellant was not entitled to the vacation of the decree under the trial court's inherent authority. Accordingly, we overrule Appellant's first assignment of error.

### Assignment Error II

**The trial court abused its discretion in denying the Appellant's Motion to Convert the Dissolution of Marriage petition into a divorce proceeding as required by [R.C.] 3105.65(C) when the Parties' dissolution decree was void or otherwise not a final order.**

{¶13} In her second assignment of error, Appellant contends that the trial court erred by denying her motion to convert the dissolution proceedings into divorce proceedings. We disagree.

**{¶14}** R.C. 3105.65(C) only allows for the conversion of dissolution proceedings into divorce proceedings "[a]t any time *before* a decree of dissolution of marriage has been granted[.]" (Emphasis added.) Here, Appellant requested the conversion of the proceedings approximately 15 months after the trial court issued the dissolution decree. As a result, by the plain terms of R.C. 3105.65(C), the trial court was unable to convert the proceedings since it had already issued the dissolution decree. *Compare Galley v. Galley*, 2d Dist. Miami Nos. 93-CA-31, 93-CA-32, 1994 WL 191431, *7 (May 18, 1994) (determining that motion to convert was properly granted because the trial court first vacated the dissolution decree before ruling on the motion to convert). Appellant attempts to avoid this result by arguing that the dissolution decree should have been vacated as void or as a non-final and appealable order, but we rejected that argument in our resolution of the first assignment of error. Consequently, Appellant has failed to carry her burden of showing the existence of error in the trial court's refusal to convert the proceedings under R.C. 3105.65(C).

**{¶15}** Accordingly, we overrule Appellant's second assignment of error.

### Assignment of Error III

**The trial court abused its discretion in summarily overruling [Appellant]'s [Civ.R.] 60(B) Motion without conducting an oral evidentiary hearing thereon.**

### Assignment of Error IV

**The trial court abused its discretion in summarily overruling [Appellant]'s [Civ.R.] 60(B) Motion given the uncontroverted evidence submitted.**

**{¶16}** In her third and fourth assignments of error, Appellant asserts that the trial court abused its discretion by denying her Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing. We disagree.

## A.    Civ.R. 60(B) Standard

{¶17}  Civ.R. 60(B) pertinently provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate (1) a meritorious claim; (2) entitlement to relief under one of the provisions contained in Civ.R. 60(B); and (3) that the motion was timely.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  A trial court properly overrules a Civ.R. 60(B) motion if the movant fails to establish any one of the three prongs.  *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).  We review a trial court's ruling pursuant to Civ.R. 60(B) for an abuse of discretion.  *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, ¶ 22.

{¶18}  "Further, a movant has no automatic right to a hearing on a motion for relief from judgment."  (Internal citation and quotation omitted.) *McFall v. McFall*, 9th Dist. Summit No. 26418, 2013-Ohio-2320, ¶ 13.  Consequently, trial courts abuse their discretion by denying Civ.R. 60(B) motions without an evidentiary hearing "*only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." (Emphasis sic.) (Internal citation and quotation omitted.)  *Id.*; *see also McLoughlin v. McLoughlin*, 10th Dist. Franklin No. 05AP-621, 2006-Ohio-1530, ¶ 19 ("The moving party may also establish his or her entitlement to relief by presenting operative facts in the form of affidavits, depositions, transcripts of evidence, written stipulations and other evidence given under oath.").  "On the other hand, if the movant fails to allege operative facts that justify relief

from judgment the court is not required to grant an evidentiary hearing." *Technical Servs. Co. v. Trinitech Internatl., Inc.*, 9th Dist. Summit No. 21648, 2004-Ohio-965, ¶ 22. Appellant's motion sought relief from the dissolution decree under Civ.R. 60(B)(1), (3), and (5). We consider each subsection in turn.

### B. Appellant's Civ.R. 60(B)(1) Argument

{¶19} Appellant's basis for relief under Civ.R. 60(B)(1) is that the dissolution decree resulted from her failure to retain legal counsel, which was the cause of her excusable neglect. But, it is well-settled that "[t]he neglect of an individual to seek legal assistance after being served court papers is not excusable." (Internal citation and quotation omitted.) *Jones v. Bulbuck*, 9th Dist. Summit No. 27613, 2015-Ohio-2134, ¶ 19; *see also Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 12 ("Several cases address the concept of 'excusable neglect' as it relates to pro se litigants. The vast majority conclude that lack of counsel and ignorance of the legal system do[] not constitute 'excusable neglect.'"). Consequently, we conclude that the trial court did not abuse its discretion by denying Appellant's request for relief from judgment under Civ.R. 60(B)(1).

### C. Appellant's Civ.R. 60(B)(3) Arguments

{¶20} Appellant's grounds for relief under Civ.R. 60(B)(3) were as follows: (1) that Appellee misrepresented his assets as well as their value; (2) that she entered into the separation agreement due to duress caused by Appellee; and (3) that Appellee exercised undue influence over her. After reviewing the record, we conclude that the trial court did not abuse its discretion by determining that Appellee failed to allege sufficient operative facts to show her entitlement to relief from the dissolution decree.

**{¶21}** In support of her misrepresentation argument, Appellant's supplemental motion stated that Appellee failed to disclose the existence of his Merrill Lynch book of business to her. But, in her supplemental motion, Appellant admitted that she worked for Appellee during the course of their marriage, which belies her claimed lack of knowledge regarding Appellee's assets flowing from his business. Indeed, according to evidence submitted by Appellee, Appellant had access to Appellee's business accounts throughout the term of her employment. *See Williams v. Williams*, 5th Dist. Delaware No. 07 CAF 09 0047, 2008-Ohio-5076, ¶ 28-29 (affirming trial court's denial of Civ.R. 60(B)(3) motion where the appellee submitted evidence showing that the appellant was fully involved in the negotiation of the separation agreement, which contradicted the appellant's claim that the separation agreement was unfair). As to any other assets purportedly undisclosed by Appellee, Appellant merely attested in her affidavit that "upon information and belief, the assets [Appellee] received pursuant to [the dissolution decree] grossly exceeded the assets which she was awarded." Such an unsupported allegation is insufficient to support Civ.R. 60(B)(3) relief for misrepresentation. *See Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶ 10 ("[A] party seeking relief from judgment cannot present mere general allegations.") (Internal citation and quotation omitted.). In sum, the trial court did not err by determining that Appellant failed to allege operative facts showing that Appellee misrepresented his assets before the dissolution was entered.

**{¶22}** As to Appellant's duress claim, we note that she had to allege operative facts to show three elements: "first, that one side involuntarily accepted the terms of another; second, that circumstances permitted no other alternative; and third, that the opposite party's coercive acts caused those circumstances." *Quebodeaux v. Quebodeaux*, 102 Ohio App.3d 502, 505 (9th Dist.1995), citing *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 246 (1990). The trial court concluded

that Appellant could not establish duress because it found "[t]here is no evidence from the dissolution hearing that [Appellant] involuntarily agreed to the terms within the [dissolution decree]." We cannot disturb this determination on appeal as it is supported by competent, credible evidence in the record.

{¶23} In making this determination, the trial court relied on the transcript from the hearing on the parties' dissolution petition. *See McNamara v. McNamara*, 8th Dist. Cuyahoga No. 102330, 2015-Ohio-2707, ¶ 29-30 (affirming denial of Civ.R. 60(B) motion after reviewing the testimony in the underlying trial that was attacked as false in the motion). A review of the transcript reveals that Appellant was the party who most forcefully pushed the hearing to proceed to a final judgment of dissolution. Appellee was the only party who inquired about the language of the separation agreement and he asked for additional time to review the terms of the agreement during the course of the hearing. When the trial court again asked if more time was necessary, Appellant, not Appellee, insisted that no additional time was necessary. In light of Appellant's representations at the dissolution hearing and her emphasis on completing the process, we cannot conclude that the trial court erred by finding that she voluntarily agreed to the dissolution decree's terms. As a result, the trial court did not err in concluding that Appellant failed to allege operative facts that she was under duress at the time of the decree's issuance.

{¶24} Finally, in order to support her undue influence claim, Appellant had to allege operative facts showing (1) that she was "susceptible to influence"; (2) that Appellee had an opportunity to influence her; (3) that Appellee actually or attempted to influence her; and (4) that the result of Appellee's influence shows the effect of improper influence. *Abate v. Abate*, 9th Dist. Summit No. 19560, 2000 WL 327227, *5 (Mar. 29, 2000), citing *DiPetro v. DiPetro*, 10 Ohio App.3d 44, 46 (10th Dist.1983). The trial court found that Appellant failed to allege

sufficient operative facts to show that the dissolution decree resulted from improper influence. And, after reviewing the transcript of the dissolution hearing, we cannot determine that the trial court erred in making that finding. As stated above, Appellant represented to the trial court that she was aware of the decree's provisions, that she agreed to them, and that she was satisfied with them. In light of these representations, there are no allegations of sufficient operative facts to support Appellant's undue influence claim. *See Johnsen v. Johnsen*, 9th Dist. Summit No. 17345, 1996 WL 84634, *5 (Feb. 28, 1996) (affirming denial of Civ.R. 60(B) motion that claimed undue influence in the execution of a separation agreement where "[a]t no time did [the appellant] indicate in any manner, to the court or anyone else, that she was dissatisfied with either the agreement itself or [the alleged influencing party]'s conduct").

### D. Appellant's Civ.R. 60(B)(5) Argument

{¶25} Appellant's basis for relief under Civ.R. 60(B)(5) is that the dissolution decree is fatally defective for not including the Merrill Lynch book of business. In assessing this argument, we note that "Civ.R. 60(B)(5) should not be used as a substitute for the provisions of (1), (2), or (3)." *Parkhurst v. Snively*, 9th Dist. Medina No. 3179-M, 2001 WL 1192745, *2 (Oct. 10, 2001). Moreover, "[r]elief under Civ.R. 60(B)(5) should only be granted for an 'extraordinary and unusual case[.]'" *Id.*, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974). The trial court determined that this was not an extraordinary case meriting relief under Civ.R. 60(B)(5) because Appellant signed the dissolution decree, testified in court that she agreed to the decree's terms, and had knowledge of the parties' assets. For the same reasons as we discussed in our resolution of the previous asserted bases for relief, we cannot discern that the trial court abused its discretion in reaching this conclusion, especially since Appellant stated that she was satisfied with the parties' disclosures at the dissolution hearing. *See Lewis v. Lewis*,

10th Dist. Franklin No. 09AP-594, 2010-Ohio-1072, ¶ 20 (affirming denial of relief under Civ.R. 60(B)(5) for alleged failure to disclose assets where testimony indicated that the appellee gave "complete disclosure" of the parties' assets at the dissolution proceedings).

### E.  Trial Court's Failure to Hold a Hearing

**{¶26}**  As discussed above, we have determined that Appellant failed to allege sufficient operative facts to show that she was entitled to relief under Civ.R. 60(B)(5).  Consequently, Appellant has failed to show that she was entitled to an evidentiary hearing on her motion.  *See Blair v. Boye-Doe*, 157 Ohio App.3d 17, 2004-Ohio-1876, ¶ 20 (9th Dist.) ("Because we determined, in our disposition of appellant's first assignment of error, that appellant was not entitled to relief from judgment, it follows that the trial court was not required to hold an evidentiary hearing[.]").

**{¶27}**  In sum, we determine that the trial court did not abuse its discretion by denying Appellant's motion for relief from the dissolution decree under Civ.R. 60(B)(1), (3), and (5) without holding an evidentiary hearing.  Accordingly, we overrule Appellant's third and fourth assignments of error.

III.

**{¶28}**  Having overruled all four of Appellant's assignments of error, we affirm the judgment of the Medina County Court of Common Pleas, Domestic Relations Division.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

MOORE, J.
CONCURS IN JUDGMENT ONLY.

CARR, P. J.
DISSENTING.

{¶29} I respectfully dissent. I would reverse and remand for an evidentiary hearing on appellant's Civ.R. 60(B)(3) motion.

APPEARANCES:

CHRISTOPHER R. REYNOLDS, Attorney at Law, for Appellant.

JACK W. ABEL, Attorney at Law, for Appellee.